UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>ALFREDO CARRANZA, JR.,<br>    Defendant. | 2:11-cr-0012-LDG-RJJ<br><br>**ORDER** |

Defendant Alfredo Carranza filed a motion to suppress evidence obtained during a search of his vehicle (#11), and the magistrate judge initially issued a report and recommendation (#36, objection #40, response #46) that it be denied. The court subsequently remanded the report and recommendation for further consideration (# 54), and now before the court is the magistrate judge's amended report and recommendation that the motion to suppress be granted (#61, objection #66, response #67).

The government carries the burden of showing that Officer Hawkins had lawful grounds to stop Carranza's vehicle. See United States v. Johnson, 936 F.2d 1082, 1084 (9th Cir. 1991) (per curiam) (the government bears the burden of justifying a warrantless search). The government relies on NRS 484B.413 to show that Officer Hawkins had reasonable suspicion to believe that Carranza had committed a traffic infraction. NRS 484B.413 provides:

> A driver shall not turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety, and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement and after giving an appropriate signal if any other vehicle may be affected by such movement.

In his report and recommendation, the magistrate judge concluded that NRS 484B.413 did not apply because Carranza was not operating his vehicle on the highway when he failed to signal, but pulled out from a parked position on the side of the road. The magistrate judge found further

support for this conclusion by pointing to NRS 484B.410, which directly applies to starting a vehicle that is "stopped, standing or parked on a highway."  The government objects to the magistrate judge's reading of NRS 484B.413 by pointing out that the definition of a highway as contained in 484A.095 covers "the entire width between the boundary lines of every way dedicated to a public authority when any part of the way is open to use of the public for purposes of vehicular traffic[.]"  The government also argues that NRS 484B.413 and NRS 484B.410 need not be mutually exclusive.  For his part, Carranza contends that NRS 484B.413 should be construed to refer to a vehicle which is already moving in a direct course on the highway.

Even assuming that the location of Carranza's parked vehicle was on a highway, as the government asserts, the court interprets NRS 484B.413's terms "direct course" to refer to the movement of a vehicle from point to point.  Webster's Third New International Dictionary defines "course" as "the act or action of moving in a particular path from point to point."  Granted, a "course" is also defined as a "path" or a "way," which could include, for the sake of argument, a "highway."  However, that construction would turn "direct course" into surplusage because the statute already places the vehicle on the highway.  Indeed, as the magistrate judge ruled, NRS 484B.410 clearly covers the situation of a parked or stopped car on the highway, and would also apply to the instance suggested by the government of a vehicle stopped at a light or stop sign waiting to make a turn.

Even if the magistrate judge's and this court's "direct course" interpretation of 484B.413 were incorrect, however, the court must still find that Officer Hawkins lacked reasonable grounds that Carranza had committed a traffic infraction.  NRS 484B.413 requires "giving an appropriate signal if any other vehicle may be affected by such movement."  As the transcript of the suppression hearing indicates, Officer Hawkins was approximately half a block away when Carranza moved his car from a stop.  Officer Hawkins further testified that there were no other cars between him and Carranza.  Furthermore, Officer Hawkins did not testify as to any way his

2

vehicle was, or may have been, affected by Carranza pulling out in front of him at such a distance.[1] The court finds that the government has not shown that Carranza was required to signal the movement of his vehicle under that situation. See United States v. Nelson, 2011 WL 4948208 (D. Nev. Sept. 27, 2011) (Hoffman, Magistrate Judge) (recommending that motion to suppress be granted where officer made stop pursuant to NRS 484B.413 for failure to signal but where no other vehicle, including officer's own, was affected by the movement of defendant's vehicle), aff'd, 3:11-cr-00142-PMP-CWH (D. Nev. Oct. 17, 2011).[2]  Accordingly,

THE COURT HEREBY ADOPTS the magistrate judge's report and recommendation (#61) to the extent it is consistent with this order.

THE COURT FURTHER ORDERS that defendant's motion to suppress (#11) is GRANTED.

DATED this 9 day of January, 2012.

_____
Lloyd D. George
United States District Judge

---

[1] The government suggests that darkness at that hour in the morning raises an obligation to signal before turning onto a highway.  Officer Hawkins, however, did not testify that Carranza's running lights were not on, nor that darkness played any factor in assessing whether Carranza's driving could have affected other vehicles in the vicinity.  Indeed, as Officer Hawkins testified during the suppression hearing, there was sufficient light in the area for him to identify Carranza's vehicle and personal physical characteristics from his patrol car.

[2] The court notes that the prosecutor in this case appears to be the same as in Nelson, and while not required to identify adverse non-binding authority such as Magistrate Judge Hoffman's recent treatment of this issue in Nelson, should not hesitate to inform the court of any such authority as a courtesy in the future.

3